**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DOMINGO YBARRA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-26-CV-2641-KC** |
| | § | |
| **CARRIE MASTERS, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Domingo Ybarra, Federal Prisoner Number 63439-280, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Pet'r's Pet., ECF No. 1-1. His petition is denied.

**BACKGROUND**

Ybarra is a 58-year-old federal prisoner at the La Tuna Federal Correctional Institution ("FCI La Tuna") in Anthony, Texas, which is within the jurisdiction of this Court. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 63439-280, last visited Nov. 9, 2026). His projected release date is November 29, 2032.

Ybarra pled guilty to conspiracy to import more than 500 grams of methamphetamine (Count One), importation of more than 500 grams of methamphetamine (Count Two), conspiracy to import more than one kilogram of heroin (Count Three), importation of more than one kilogram of heroin (Count Four), conspiracy to import more than 500 grams of cocaine (Count Five), and importation of more than 500 grams of cocaine (Count Six). *United States v. Ybarra*, No. 2:20-cr-1282-AM (W.D. Tex.), J. Crim. Case, ECF No 54. He was sentenced to 188 months' confinement followed by five years' supervised release.

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

In his § 2241 petition, Ybarra claims the Bureau of Prisons' ("BOP's") First Step Act earned time credit assessment shows his residential reentry date is April 27, 2030, when he believes it should be January 19, 2026. Pet'r's Pet., ECF No. 1-1 at 6. He also claims the BOP has conspired to defraud the United States by prolonging his imprisonment, in violation of 18 U.S.C. § 371, and conspired to deprive him of his rights, in violation of 18 U.S.C. § 241. *Id.* at 6–7. He asks the Court to order his immediate release from prison. *Id.* at 13.

**STANDARD OF REVIEW**

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2243, a court may summarily dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Additionally, under 28 U.S.C. § 1915, a court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples include "'claims describing fantastical or delusional scenarios.'" *Id*. (citing *Neitzke*, 490 U.S. at 328).

## ANALYSIS

Ybarra disagrees with the BOP's calculation of his projected transfer date to a residential reentry center. Pet'r's Pet., ECF No. 1-1 at 6. He believes he has additional days of First Step Act earned time credits ("FTCs") that should be applied toward his transfer to prerelease custody.

"A convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence." *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998). The First Step Act does, however, allow an eligible prisoner to accrue FTCs toward his placement in pre-release custody or supervised release before the expiration of his valid sentence. 18 U.S.C. § 3632(d)(4)(A). Indeed, the First Step Act gives a prisoner the opportunity to earn ten days of FTCs for every 30 days of successful participation in Evidence Based Recidivism Reduction ("EBRR") programs and Productive Activities ("PAs"). *Id.* § 3632(d)(4)(A)(i). The First Step Act allows a prisoner at a "minimum" or "low risk" of recidivating to earn an additional five days of FTCs if he does not increase his risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii).

The First Step Act also permits the BOP to apply a prisoner's accrued FTCs applied toward his pre-release placement in a residential reentry center or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the Director, it permits the BOP to apply a prisoner's FTCs toward his early release to supervision. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

Consequently, a qualifying inmate is eligible, at the BOP's discretion, to have his FTCs applied toward his prerelease custody and/or an early transfer to supervised release once he has FTCs equal to the remainder of his sentence and otherwise meets the eligibility criteria. *See* 18 U.S.C. § 3624(g)(1)-(2).

But the designation of "the place of the prisoner's imprisonment," including in a residential reentry center or home confinement, is the responsibility of the BOP. 18 U.S.C. § 3621(b). And a prisoner has no protectable liberty interest in his custodial classification or in being housed at a particular facility or custody level. *See Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983). Consequently, the BOP—not the Court—is the proper place to direct a request for designation to a residential reentry center or in home detention. *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c) (providing that the BOP has the authority to "place a prisoner in home confinement")). And release from institutional custody to a residential reentry center or home detention "is … not cognizable under § 2241." *See Maldonado v. Rule*, No. 4:24-cv-0971-P, 2025 WL 476256, at *2 (N.D. Tex. Feb. 11, 2025) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (explaining a challenge to exclusion from program allowing home confinement is more properly brough as a *Bivens* action)).

Ybarra also alleges the BOP is engaged in a conspiracy to defraud the United States by intentionally delaying the release of inmates in violation of 18 U.S.C. § 371 and 18 U.S.C. § 241. Pet'r's Pet., ECF No. 1-1 at 6–7. He suggests he is entitled to immediate release from prison based on the purported criminal misconduct.

If an inmate "is not challenging the fact or duration of his confinement, subject matter jurisdiction is not present under 28 U.S.C. § 2241." *Henrickson v. Guzik*, 249 F.3d 395, 397 n.4 (5th Cir. 2001); *see also Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (explaining habeas is only proper vehicle for addressing claims when success would "automatically entitle [the petitioner] to accelerate release") (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

To the extent Ybarra seeks criminal prosecutions in connection with his conspiracy allegations, no right to such relief exists, whether sought through a habeas corpus petition or through a civil rights action. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) ("The decision to file or not file criminal charges falls within this category of acts that will not give rise to this section 1983 liability.").

**CONCLUSION AND ORDERS**

The Court concludes that it plainly appears from Ybarra's petition that his claims are without merit as he cannot show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The Court accordingly enters the following orders:

**IT IS ORDERED THAT** Domingo Ybarra's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1-1) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED THAT** all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**SIGNED this 10th day of November, 2026.**

**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**